16 F.3d 413
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Lee STROUD, Defendant-Appellant.
 No. 93-5700.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 20, 1994
Decided Feb. 8, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Rockingham. Frank W. Bullock, Jr., Chief District Judge. (CR-93-72)
 Danny T. Ferguson, Winston-Salem, NC for Appellant.
 Benjamin H. White, Jr., U.S. Atty., Sandra J. Hairston, Asst. U.S. Atty., Greensboro, NC for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, WILKINS and HAMILTON, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Jerry Lee Stroud pled guilty to attempting to possess 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C.A. Secs. 841, 846 (West Supp.1993), and 18 U.S.C. Sec. 2 (1988). He appeals his sentence. We affirm.
 
 
 2
 Stroud accompanied co-defendant Melvin Stubbs to a motel where Stubbs intended to buy one-half kilogram of cocaine from a source who turned out to be a confidential informant in a sting operation. Stroud had agreed to test the cocaine for Stubbs. Both he and Stubbs were arrested.
 
 
 3
 The probation officer recommended a four-level decrease in offense level because Stroud was a minimal participant. United States Sentencing Commission, Guidelines Manual,Sec. 3B1.2(a) (Nov.1992). However, because he was a career offender, U.S.S.G.Sec. 4B1.1, the adjusted offense level increased from twenty-two to thirty-four, wiping out the benefit of being a minimal participant. With a three-level decrease for acceptance of responsibility, U.S.S.G.Sec. 3E1.1, Stroud's final offense level was thirty-one.
 
 
 4
 Stroud objected that the minimal participant decrease should be subtracted from the final offense level. At the sentencing hearing, defense counsel conceded that the calculation was correct, but argued that it was unfair. He then requested a downward departure to correct the situation. The district court found no grounds for a departure and declined to depart.
 
 
 5
 Stroud argues on appeal that the career offender calculation is unfair because it causes him to lose the benefit of being a minimal participant. He requests a recalculation of his guideline range in which the minimal participant decrease would be subtracted from the career offender offense level. We find no unfairness in the career offender sentence. See United States v. Guajardo, 950 F.2d 203, 206 (5th Cir.1991) (non-consideration of individualized mitigating factors where guidelines establish mandatory sentence does not violate due process), cert. denied, 60 U.S.L.W. 3735 (U.S.1992).
 
 
 6
 Stroud further maintains that the district court should have departed downward as compensation; however, the court's decision not to depart is not reviewable. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 7
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED