**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marvin Earl McCOY, Defendant–
Appellant.**

No. 93–30139.

United States Court of Appeals,
Ninth Circuit.

Submitted March 9, 1994 *.

Decided March 31, 1994.

Philip A. Lewis, Portland, OR, for defendant-appellant.

Michael J. Brown, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

Before: BROWNING, KOZINSKI, and NOONAN, Circuit Judges.

Per Curiam

## PER CURIAM:

Marvin McCoy appeals his conviction and sentence for distributing over five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). He claims the district court erred in 1) excluding extrinsic evidence of alleged misconduct by a government informant; 2) determining that the prosecution's peremptory challenge to a juror was based on a "race-neutral" reason and 3) concluding the career offender provisions of the Guidelines did not authorize an adjustment for his minor role in the offense. We affirm.

## I.

In August, 1991, an inter-agency narcotics task force began an extended investigation into drug trafficking activities in the Portland area. The task force paid Scott Tredwell, formerly a large-scale cocaine dealer, to assist in the investigation by posing as a dealer who was interested in purchasing one-ounce quantities of crack.

Tredwell met McCoy at the home of a mutual friend. When Tredwell indicated he was a dealer, McCoy introduced him to Tony Johnson, a seller, and arranged to have Johnson sell approximately 22 grams of "crack" cocaine to Tredwell. The arrangement was confirmed in a taped telephone conversation between McCoy and Tredwell. McCoy was present at the sale.

Before trial, the district court 1) excluded testimony offered by McCoy to show Tredwell had used drugs and engaged in "unauthorized" drug deals while working for the task force and 2) rejected McCoy's challenge to the prosecution's use of a peremptory challenge to remove a black woman from the jury. At the sentencing hearing, the district court found McCoy qualified as a career offender under U.S.S.G. § 4B1.1, concluded § 4B1.1 did not authorize a downward adjustment for McCoy's minor role in the offense and imposed a term of 188 months.

## II.

McCoy claims the district court erred in excluding testimony regarding Tredwell's unauthorized drug sales and use under Fed.R.Evid. 608(b). This court reviews for abuse of discretion. *U.S. v. Noti,* 731 F.2d 610, 612 (9th Cir.1984).

Although extrinsic evidence of prior misconduct is admissible to show "the witness' possible bias or self-interest in testifying," *id.* at 613, the testimony offered by McCoy was not probative of bias or self-interest. McCoy "has not demonstrated on appeal that he could have proved any more than [Tredwell's] use and distribution of drugs." *Id.* There is no evidence the government was aware of Tredwell's use and sale of drugs while he was working for the task force, or agreed to overlook these activities in return for Tredwell's cooperation. The testimony was relevant only to Tredwell's lack of credibility. Its exclusion was not an abuse of discretion.

## III.

McCoy claims the district court clearly erred in allowing the prosecution to use a peremptory challenge to remove a black juror. Whether the prosecutor's asserted reason for a challenge is race-neutral on its face is a question of law reviewed de novo. *U.S. v. DeGross,* 913 F.2d 1417, 1423 (9th Cir.1990). The district court's determination that the prosecutor actually relied on the asserted reason is reviewed for clear error. *Hernandez v. New York,* 500 U.S. 352, 364–65, 111 S.Ct. 1859, 1869, 114 L.Ed.2d 395 (1991).

The prosecutor said he was exercising the peremptory challenge against juror Mason because "[s]he mentioned she had three children, and had problems with gangs." The case was about the distribution of crack cocaine. It was reasonable to suspect a prospective juror who had experienced a "problem with gangs" might find it difficult to be impartial. The prosecutor's explanation was

race-neutral on its face and the district court did not clearly err in finding the prosecutor relied on it in exercising the challenge.

## IV.

■ The district court found McCoy was a "career offender" under § 4B1.1 of the Guidelines and granted an adjustment for acceptance of responsibility—the only adjustment authorized by § 4B1.1. McCoy claims the court erred in concluding it lacked authority to adjust his sentence further based on his minor role in the offense. This claim is reviewed de novo. *U.S. v. Hill,* 915 F.2d 502, 505 (9th Cir.1990).

Prior to 1989, this court held no adjustment could be made in a career offender's sentence. *U.S. v. Summers,* 895 F.2d 615, 617 (1990). When the Sentencing Commission amended the Guidelines on November 1, 1989 to allow an adjustment based on the defendant's acceptance of responsibility, it made clear that it would "explicitly incorporate," *id.,* into the career offender provisions any reduction it wishes to authorize. The Commission declined to authorize an additional adjustment for the defendant's role in the offense. Allowing such an adjustment without express authorization would conflict with Congress's intent, expressed in 28 U.S.C. § 994(h), "that certain 'career' offenders ... receive a sentence 'at or near the maximum term authorized by statute.'" *Id.*

## V.

■ In a Supplemental Brief received after this case was taken under submission, McCoy also argues the district court erred in concluding it lacked the authority to depart from the Guideline range on the basis of entrapment and McCoy's minor role in the offense. Although the brief is clearly untimely, we have considered the argument and reject it. The district court's decision not to depart was discretionary and, therefore, is not reviewable on appeal. *U.S. v. Morales,* 972 F.2d 1007, 1011 (9th Cir.1992).

AFFIRMED.