82 F.3d 403
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Thomas C. BOOTH, Defendant, Appellant. United States of
America, Appellee,
v.
Lisa BOOTH, a/k/a Lisa Viscone, Defendant, Appellant.
 Nos. 95-1831, 95-1838.
 United States Court of Appeals, First Circuit.
 April 23, 1996.
 
 APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge]
 Sheila A. Cook with whom Law Offices of William Maselli was on brief for appellant Thomas C. Booth.
 E. James Burke and Bell & Burke, P.A. on brief for appellant Lisa Booth, a/k/a Lisa Viscone.
 Margaret D. McGaughey, Assistant United States Attorney, with whom Jay A. McCloskey, United States Attorney, and George T. Dilworth, Assistant United States Attorney, were on brief for appellee.
 F. Mark Terison, Assistant United States Attorney, and Jay P. McCloskey, United States Attorney, on brief for appellee.
 D.Me.
 AFFIRMED.
 Before LYNCH, Circuit Judge, ALDRICH and BOWNES, Senior Circuit Judges.
 ALDRICH, Senior Circuit Judge.
 
 
 1
 Thomas and Lisa Bootheach pled guilty to one count of conspiracy to possess and distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and now appeal their respective sentences. We affirm in both cases.
 
 
 2
 Thomas was, concededly, a "career offender" under § 4B1.1 of the Sentencing Guidelines, which prescribed an offense level of 37. The court granted him a three level reduction for acceptance of responsibility, under § 3E1.1, for a total adjusted offense level of 34, which yielded a guideline sentencing range of 262-327 months. Pursuant to § 5K1.1 of the Guidelines, the government recommended a 20 percent departure below the low end of the guideline range, based on Thomas' forthright cooperation. The court agreed, sentencing Thomas to 204 months, or 17 years, as recommended.
 
 
 3
 Thomas sought a further downward departure for having had an allegedly minor role in the conspiracy, which the court denied. He claims the court incorrectly ruled that it had no authority to depart from a career offender guideline range on the basis of a relatively lesser role in the offense. Where the court's departure decision may have been affected by a mistaken view of the law, it falls within our jurisdiction to review, de novo. See United States v. Webster, 54 F.3d 1, 4 (1st Cir.1995); United States v. Gifford, 17 F.3d 462, 473 (1st Cir.1994).
 
 
 4
 Thomas stakes his claim on § 5H1.7, a policy statement that "defendant's role in the offense is relevant in determining the appropriate sentence," which refers to Chapter Three, Part B (Role in the Offense). See, e.g., U.S.S.G. § 3B1.2 (allowing downward adjustment to offense level for mitigating role).[1] We garner little from this general truism that establishes authority to depart on the basis of a defendant's role. Especially should this be so when it is not found in Part K of Chapter Five, where the permitted bases for departure are delineated. Unspecified departures are of course allowed, but only where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." § 5K2.0; 18 U.S.C. § 3553(b). Role-in-the-offense has been amply considered, see generally U.S.S.G. Ch.3, and downward adjustment for both "minor" and "minimal" role specifically provided for. See § 3B1.2 and comment. (n.1 and 2). Thus, unless a defendant's role falls outside the "heartland" of cases covered by this provision "in a way that is important to the statutory purposes of sentencing," § 5K2.0 and comment., departure is foreclosed.[2] Thomas makes no claim that his does; nor do we believe he successfully could, given the unequivocally stated statutory purpose to "assure that certain career offenders receive a sentence of imprisonment at or near the maximum term authorized [by statute]." U.S.S.G. § 4B1.1, comment. (backg'd) (citing 28 U.S.C. § 994(h)) (internal quotations omitted). See United States v. Norflett, 922 F.2d 50, 53 (1st Cir.1990) (Congress intended there to be "precious little room to maneuver" below the statutory maximum for career offenders). Unsurprisingly, then, we find little regard in the Guidelines for a career offender's relative role in his latest enterprise. In accordance with congressional directive, see 28 U.S.C. § 994(h), the career offender provision "focuses on the recurrence of offenses rather than on the specifics of the most recent offense." United States v. Richardson, 923 F.2d 13, 16 (2d Cir.1991). Thus, even properly construed as a claim for departure under § 5K2.0, Thomas' pitch falls short.
 
 
 5
 Lisa Booth faced a 20-year mandatory minimum sentence, based on a prior felony drug offense, under 21 U.S.C. § 841(b)(1)(A). Upon the government's motion, the court halved her sentence for cooperation and substantial assistance. See U.S.S.G. § 5K1.1. She complains, first, that the court took the 20-year mandatory minimum as its point of departure, rather than the guideline range of 100 to 125 months calculated from her offense level and criminal history. Had the court ignored the statutory minimum and instead taken the calculated range as the guideline sentence, its departure would have produced a sentence closer to five years. The simple answer is that under the Guidelines, "a statutorily required minimum sentence ... greater than the maximum of the applicable guideline range ... shall be the guideline sentence." U.S.S.G. § 5G1.1(b) (emphasis added). The remainder of her complaint quibbles with the extent of the court's departure, over which we lack jurisdiction. See United States v. Pighetti, 898 F.2d 3, 4 (1st Cir.1990).
 
 
 6
 Affirmed.
 
 
 
 [1]
 Over Thomas' objection, the court ruled that he was ineligible for a downward adjustment under § 3B1.2 because the career offender guideline allows but a single adjustment, for acceptance of responsibility, pursuant to § 3E1.1. See § 4B1.1; United States v. McCoy, 23 F.3d 216, 218 (9th Cir.1994). By way of a footnote, Thomas continues to register his disagreement, but forgoes briefing the issue. We therefore deem it waived
 
 
 [2]
 Thomas claims United States v. Valdez-Gonzalez, 957 F.2d 643 (9th Cir.1992), stands for the contrary. There, downward adjustment under § 3B1.2 was also inapplicable, not because defendants were career offenders, but because they were each the only participants in the offenses to which they pled guilty. Id. at 648. In nonetheless allowing downward departure for minimal role, the court ruled that the Sentencing Commission had not adequately considered relative role in a criminal scheme extending beyond the offense at hand, permitting a § 5K2.0 departure where each defendant was but a "mule" in a much larger criminal operation than the single substantive offense he committed. Id. at 650. Role in a scheme beyond the conspiracy charged is not at issue here, and Valdez-Gonzalez is of questionable validity in any event. See United States v. Webster, 996 F.2d 209, 211 (9th Cir.1993)