**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marion B. SMITH, Defendant–Appellant.**

No. 02–6121.

United States Court of Appeals, Sixth Circuit.

April 2, 2003.

Before BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

## ORDER

Marion B. Smith appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Smith pleaded guilty to one count of aiding and abetting the possession with the intent to distribute 500 or more grams of cocaine, a violation of 21 U.S.C. § 841(a)(1). He was sentenced to 188 months of imprisonment to be followed by five years of supervised release. He also agreed to the forfeiture of certain assets.

In this timely appeal, Smith's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Smith was notified of counsel's motion to withdraw, and he has responded by filing a pro se brief.

Upon review, we will grant the motion to withdraw. The *Anders* brief reflects that counsel has reviewed the entire record and that no colorable issue for appeal exists. Our independent review of the record confirms this.

The district court properly accepted Smith's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady*, 397 U.S. at 755, 90 S.Ct. 1463. The district court assured that Smith understood the constitutional rights he was waiving, the statutory maximum sentence he faced, and the applicability of the Sentencing Guidelines. The district court explained that no specific sentence was guaranteed by the plea agreement. Fed.R.Crim.P. 11(c)(1), (c)(3), (c)(6). Finally, the court established that there was a factual basis for Smith's plea and that Smith understood that he had consented to forfeit property.

At sentencing, defense counsel conceded that Smith was a career offender and that the applicable offense level was 34. United States Sentencing Commission, *Guidelines Manual*, § 4B1.1 (Nov.2001). Counsel argued that, because Smith was merely a "mule" in the cocaine distribution conspiracy, he was entitled to a two-point reduction in his offense level for playing only a minor role in the offense. USSG § 3B1.2. Although the government agreed to a three-level reduction in Smith's offense level for acceptance of responsibility, the government objected to any other reduction, contending that only the § 3E1.2 reduction for acceptance of responsibility was available to a career offender in light of the persuasive authority from other circuit courts.

The court found that the reduction for playing a minor role was inappropriate under the circumstances. The court sentenced Smith at the absolute low end of the guideline range.

In his pro se brief, Smith argues that the district court erred in denying him a reduction in offense level for playing a minor role. In the *Anders* brief, defense counsel raises this issue but concedes that it lacks merit in light of persuasive authority from other circuit courts. *See, e.g., United States v. Ward*, 144 F.3d 1024, 1036 (7th Cir.1998). Although this court has not issued a corresponding decision on the issue raised, the sister circuits ground their rule on the text of the Sentencing Guidelines and guidelines amendments and the ancient maxim of statutory interpreta-

tion: *"Inclusio unius est exclusio alterius"* (The inclusion of one is the exclusion of another). This issue, although not settled in a published Sixth Circuit decision, is settled nonetheless. It simply does not rise to the level of a colorable issue that would preclude treatment under *Anders*.

For these reasons, we GRANT counsel's motion to withdraw and AFFIRM the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.