328 F.3d 96
 UNITED STATES of America, Appellee,
v.
Julio C. PEREZ, Jamie Ortiz, Jose Lopez, Jose Alejandro, Jose Richards, Luis Antonio Huertas, Elvin Burgos, Johnny Hernandez, Juan Sosa, Fernando Sanchez, Antonio Lopez, Pedro Cruz, Carmen Quinones, Damien Hurlburt, Patrick Rosenweig, Mario Larrondo, Angel Garcia, a.k.a. "Erick," Defendants,
Luis Diaz, a.k.a. "Wiche," a.k.a. "Cheche," Defendant-Appellant.
 Docket No. 02-1105.
 United States Court of Appeals, Second Circuit.
 Argued: April 23, 2003.
 Decided: April 25, 2003.
 
 Everardo A. Rodriguez, Assistant United States Attorney, for Michael A. Battle, United States Attorney for the Western District of New York, Rochester, NY, for Appellee.
 Donald M. Thompson, Rochester, NY, for Defendant-Appellant.
 Before: CALABRESI, F.I. PARKER, SACK, Circuit Judges.
 PER CURIAM.
 
 
 1
 This sentencing appeal presents two questions that remain undecided in the Second Circuit, but which are subject to no current dispute among the other circuits. (1) Is U.S.S.G. § 5G1.3(a) (which mandates that certain sentences run consecutively) in conflict with, and hence trumped by, 18 U.S.C. § 3584 (which directs the sentencing court to weigh various factors in deciding whether to impose a concurrent or consecutive sentence)? (2) To what degree are guidelines-classified "career offenders" eligible for "minor role" downward adjustments pursuant to U.S.S.G. § 3B1.2(b)?
 
 
 2
 Both points of law have been the subject of extensive and convincing discussion in opinions from other circuits. As to the first, the courts of appeals that have considered the matter now agree that U.S.S.G. § 5G1.3(a) and 18 U.S.C. § 3584 are not in conflict, and that the consecutive sentence "mandate" of § 5G1.3(a) precludes concurrent sentencing except insofar as the sentencing judge identifies grounds for a downward departure.[1] See United States v. Schaefer, 107 F.3d 1280, 1285 (7th Cir.1997), cert. denied 522 U.S. 1052, 118 S.Ct. 701, 139 L.Ed.2d 645 (1998); United States v. Flowers, 995 F.2d 315, 316-17 (1st Cir.1993); United States v. Gullickson, 981 F.2d 344, 349 (8th Cir.1992); United States v. Shewmaker, 936 F.2d 1124, 1128 (10th Cir.1991), cert. denied 502 U.S. 1037, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992); United States v. Pedrioli, 931 F.2d 31, 32 (9th Cir.1991); United States v. Stewart, 917 F.2d 970, 973 (6th Cir.1990); United States v. Miller, 903 F.2d 341, 349 (5th Cir.1990); United States v. Rogers, 897 F.2d 134, 137 (4th Cir.1990); United States v. Fossett, 881 F.2d 976, 980 (11th Cir.1989). Cf. United States v. Rahman, 189 F.3d 88, 156-57 (2d Cir.1999) (adopting a similar approach to hold that the restriction on concurrent sentences set forth in U.S.S.G. § 5G1.2(d) was not nullified by 18 U.S.C. § 3584 because the sentencing court retained discretion to depart from the guidelines).
 
 
 3
 As to the second point of law, all the circuit courts that have reached the question agree that "career offenders" cannot receive a "minor role" downward adjustment, to the extent that such an adjustment would result in an offense level that falls below the career-offender minimum established by U.S.S.G. § 4B1.1(b).[2] See United States v. Beltran, 122 F.3d 1156, 1160 (8th Cir.1997); United States v. Griffin, 109 F.3d 706, 708 (11th Cir.1997) (per curiam); United States v. McCoy, 23 F.3d 216, 218 (9th Cir.1994) (per curiam); United States v. Morales-Diaz, 925 F.2d 535, 540 (1st Cir.1991); and, especially, United States v. Johnson, 155 F.3d 682 (3d Cir.1998).
 
 
 4
 In sentencing Diaz, the district court stated its agreement with these interpretations of law. We hold that the district court was correct, substantially for the reasons given in the above-mentioned opinions.
 
 
 5
 Accordingly, having considered all of the defendant's arguments, we AFFIRM the decision of the district court.
 
 
 
 Notes:
 
 
 [1]
 There were some holdings and statements to the contrary in a few earlier decisions, but the circuits that issued those decisions have since backed away from themCompare United States v. Nottingham, 898 F.2d 390 (3d Cir.1990) (holding that the 1987 version of U.S.S.G. § 5G1.3 was contrary to, and thus trumped by, 18 U.S.C. § 3584), with United States v. Higgins, 128 F.3d 138 (3d Cir.1997) (holding that the current version of § 5G1.3 creates only a limited exception to the discretion of 18 U.S.C. § 3584, and thus does not conflict with that statutory provision); United States v. Wills, 881 F.2d 823, 826 (9th Cir.1989) (holding that the sentencing judge "has discretion to impose a concurrent or consecutive sentence, as a matter of law, under section 3584(a)," notwithstanding the apparently contradictory language of U.S.S.G. § 5G1.3), with United States v. Pedrioli, 931 F.2d 31, 32 (9th Cir.1991) (holding that, where the mandatory clauses of U.S.S.G. § 5G1.3 apply, the court "is obliged to follow the usual procedures for departing from the guidelines when it elects to use its discretion under § 3584(a)"); United States v. Smitherman, 889 F.2d 189, 191 (8th Cir.1989) (stating that, under the 1987 version of § 5G1.3, "[w]hether to impose a consecutive or concurrent sentence is within the discretion of the court, which shall take into consideration the seven factors set forth in 18 U.S.C. § 3553(a)"), with United States v. Gullickson, 981 F.2d 344, 349 (8th Cir.1992) ("In this instance, Guideline § 5G1.3 ... merely qualifies § 3584(a) by requiring the court to consider Guideline departure before deviating from a sentence mandated by section 5G1.3.") (internal citation and quotation marks removed).
 
 
 [2]
 At oral argument, the government acknowledged that if the "otherwise applicable" offense level were greater than the offense level specified in the table of U.S.S.G. § 4B1.1(b), then the former offense level—incorporating the gamut of guidelines-recognized adjustments (including adjustments for role)—would apply