# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 09-51035

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

November 2, 2010

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JONATHAN EDWIN CASHAW,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before KING, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:

Defendant - Appellant, Jonathan Edwin Cashaw, pleaded guilty to a drug charge and was sentenced to 290 months' imprisonment. Cashaw challenges his sentence, arguing that his career offender status under the United States Sentencing Guidelines should not have prevented him from receiving a minor role adjustment to his offense level under the career offender provision. We affirm.

## I.  Factual and Procedural Background

On April 24, 2009, police executed a search warrant on a home from which they suspected Cashaw and an associate were selling drugs.  During the

No. 09-51035

execution of the warrant, police arrested both Cashaw and his associate after finding, among other things, 106.15 grams of crack cocaine, stacks of currency, drug scales, and drug packaging materials in the home. The home was located within 1,000 feet of a middle school.

On May 12, 2009, Cashaw was charged with one count of aiding and abetting the possession with intent to distribute at least fifty grams of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 860(a), and 18 U.S.C. § 2. Cashaw pleaded guilty to the charge.

Cashaw's pre-sentence investigation report ("PSR") recommended a base offense level of 30. The PSR then recommended that Cashaw receive career offender status under United States Sentencing Guidelines ("Guidelines") § 4B1.1 because he had prior felony convictions for aggravated sexual assault and possession of cocaine with intent to deliver. Using the alternate offense level from the career offender provision, the PSR recommended an offense level of 34. This reflected his career offender offense level of 37, minus three levels for acceptance of responsibility under Guidelines §§ 3.E1.1 and 4B1.1(b). Under § 4B1.1(b), Cashaw's criminal history category was VI. Consequently, the PSR recommended a sentencing range of 262 to 327 months' imprisonment. *See* U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.), ch. 5, pt. A, sentencing table (2009).[1]

At his sentencing on November 12, 2009, Cashaw objected to the PSR's recommended sentencing range and requested a two-level reduction to his offense level because he was a minor participant in the offense pursuant to Guidelines § 3B1.2.[2] The district court agreed that Cashaw was a minor

---

[1] We cite to the 2009 Guidelines because they were the version in effect on the date of Cashaw's sentencing. *See* U.S.S.G. § 1B1.11(a).

[2] A minor participant is a defendant who is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5.

No. 09-51035

participant, but it overruled Cashaw's objection, reasoning that the career offender provision precluded any downward adjustment for a minor participant. The district court adopted the PSR's recommendations and sentenced Cashaw to 290 months' imprisonment.  Cashaw appeals his sentence.

## II.  Analysis

### A.  Standard of Review

We review a sentence imposed under the Guidelines for "reasonableness," meaning we will reverse only if the district court abused its discretion.  *United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)).  But we review the district court's interpretation and application of the Guidelines *de novo.  Id.*

### B.  Sentence

Cashaw argues the district court committed reversible error when it concluded the Guidelines do not permit a minor participant adjustment for career offenders.  He does not challenge his sentence on any other basis. Cashaw bases his argument on the fact that the career offender provision does not expressly preclude a downward adjustment for a minor participant and the fact that this court has never ruled to the contrary.  This interpretation is not only inconsistent with the sequence of the Guidelines' instructions, but also contrary to basic principles of statutory interpretation.[3]

The district court determines a defendants' sentence under the Guidelines by following, step-by-step, the sequence laid out in the "Application

---

[3] We also note that every other circuit court of appeals to consider this issue has rejected Cashaw's interpretation of the career offender provision.  *See United States v. Morales–Diaz*, 925 F.2d 535, 540 (1st Cir. 1991); *United States v. Perez*, 328 F.3d 96, 97–98 (2d Cir. 2003) (per curiam); *United States v. Johnson*, 155 F.3d 682, 684–85 (3d Cir. 1998); *United States v. Ward*, 144 F.3d 1024, 1036 (7th Cir. 1998); *United States v. Beltran*, 122 F.3d 1156, 1160 (8th Cir. 1997); *United States v. McCoy*, 23 F.3d 216, 218 (9th Cir. 1994) (per curiam); *United States v. Jeppeson*, 333 F.3d 1180, 1184 (10th Cir. 2003); *United States v. Jeter*, 329 F.3d 1229, 1230 (11th Cir. 2003) (per curiam).

Instructions," § 1B1.1. *See United States v. Reyes*, 881 F.2d 155, 156 (5th Cir. 1989) ("Section 1B1.1 maps out the manner in which a sentencing court should apply the Guideline provisions."). This section governs application of the Guidelines, "[e]xcept as specifically directed." U.S.S.G. § 1B1.1.

In the instant case, following the instructions in sequence demonstrates that the minor participant adjustment cannot be applied to the career offender provision. Under § 1B1.1, the district court first determines the applicable Guideline section and base offense level. *Id.* § 1B1.1(a)–(b). Next, it applies any appropriate upward or downward adjustments from Chapter Three of the Guidelines. *Id.* § 1B1.1(c), (e). Both the minor participant and acceptance of responsibility adjustments are found in Chapter Three. *Id.* §§ 3B1.2, 3E1.1. After Chapter Three adjustments, the district court then determines criminal history category and "other applicable adjustments" from Chapter Four. *Id.* § 1B1.1(f). The career offender provision is found in Chapter Four and provides an alternate offense level if the defendant qualifies as a career offender and the career offender offense level is greater than the "otherwise applicable" offense level. *Id.* § 4B1.1(a)–(b). A defendant's sentencing range is based on the final offense level and criminal history category after these adjustments are applied to the base level in sequence. *Id.* § 1B1.1(g).

Applying the Chapter Three minor participant adjustment *after* the Chapter Four career offender provision, as Cashaw urges, would disrupt the sequence mandated by § 1B1.1. The only Chapter Three adjustment explicitly permitted by Guidelines § 4B1.1(b), and thus authorized by the instructions, is the acceptance of responsibility adjustment.[4]

Nonetheless, Cashaw argues the career offender provision impliedly authorizes a minor participant adjustment out of sequence because it is not

---

[4] Guidelines § 4B1.1(b) instructs: "[i]f an adjustment [for acceptance of responsibility] applies, decrease the offense level by the number of levels corresponding to the adjustment."

explicitly prohibited.  We disagree.  The fact that the career offender provision authorizes an adjustment for acceptance of responsibility, but no other adjustments, demonstrates that the Sentencing Commission intended for no other adjustment to apply.  *See United States v. Vickers*, 891 F.2d 86, 88 (5th Cir. 1989) (noting that the enumeration of specific exceptions to a provision in the Guidelines indicates the purposeful exclusion of any other exceptions to that provision).  As one of our sister circuits succinctly put it, "[h]ad the Sentencing Commission intended for all Chapter Three adjustments to follow a career offender adjustment, there would have been no need for the Commission to expressly indicate the permissibility of a reduction [for acceptance of responsibility]."  *Jeppeson*, 333 F.3d at 1184.  Furthermore, implying a minor participant adjustment into the career offender provision would prevent implementation of Congress' directive that career offenders "receive a sentence of imprisonment at or near the maximum term authorized."  U.S.S.G. § 4B1.1 cmt. background (internal citations and quotation marks omitted).  We conclude that the minor participant adjustment does not apply to the career offender provision in Guidelines § 4B1.1, and the district court, therefore, correctly interpreted that provision.

### III.  Conclusion

For the foregoing reasons, we AFFIRM.