**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2869
_____

UNITED STATES OF AMERICA

v.

MARK COLEMAN,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-16-cr-00139-001
District Judge:  Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 25, 2019

Before:  SMITH, *Chief Judge*, McKEE, and AMBRO, *Circuit Judges*

(Filed: September 27, 2019)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge*.

Mark Coleman pleaded guilty to a conspiracy charge for his role in a pill distribution network. At sentencing, the District Court declined to apply a mitigating role adjustment under United States Sentencing Guidelines § 3B1.2. On appeal, Hampton challenges the District Court's decision to deny the mitigating role adjustment. We will affirm.

**I.**

In February 2016, Coleman was released from prison and needed a place to live. He moved in with an old friend, Walter Richardson. Richardson, who was a major player in an illegal prescription drug ring, quickly recruited Coleman in selling prescription drugs. Coleman was ultimately arrested and charged with one count of conspiracy to possess with intent to distribute and distribution of oxycodone and oxymorphone, in violation of 21 U.S.C. § 846.

Coleman pleaded guilty without the benefit of a plea agreement. Due to at least two prior controlled substance convictions, he was categorized as a career offender—a designation that automatically increases a defendant's offense level to thirty-two. After receiving a three-level reduction for acceptance of responsibility, Coleman's total offense level was twenty-nine. Combined with a criminal history category of VI, Coleman's advisory Guidelines range was 151 to 188 months. He sought a three-level reduction for his mitigating role in the offense pursuant to § 3B1.2, which does not apply to career offenders. *See United States v. Johnson*, 155 F.3d 682, 683–84 (3d Cir. 1998). Although the District Court believed *Johnson* foreclosed the application of § 3B1.2 to career

2

offenders like Coleman, it judiciously went to the extra effort of analyzing the merits, finding that Coleman was not entitled to an adjustment under § 3B1.2. The District Court did take Coleman's role in the offense into account when varying downward from the Guidelines range. It sentenced Coleman to ninety-two months of incarceration with six years of supervised release to follow.

He timely appealed.[1]

## II.[2]

Coleman raises a single issue on appeal—that the District Court should be permitted to apply the mitigating role adjustment regardless of his status as a career criminal.[3] Coleman's argument is foreclosed by *United States v. Johnson*. There, as here, the defendant was a career offender under Guidelines § 4B1.1. 155 F.3d at 683. The defendant in *Johnson* had pleaded guilty pursuant to a plea agreement under which the government stipulated he was entitled to a two-level downward adjustment pursuant to § 3B1.2(b). *Id.* When the district court sentenced him without applying § 3B1.2(b), the defendant objected.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and 18 U.S.C. § 3583(e). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] "We employ a mixed standard of review when considering whether a defendant was entitled to a downward adjustment as a minor participant. We exercise plenary review where the district court's denial of a downward adjustment is based primarily on a legal interpretation of the Sentencing Guidelines. However, where the district court's decision rests on factual determinations, we review for clear error." *United States v. Isaza-Zapata*, 148 F.3d 236, 237 (3d Cir. 1998) (internal citations omitted).

[3] We understand Coleman's appeal as challenging the denial of a § 3B1.2 adjustment. To the extent he is also appealing the denial of a downward departure, we lack jurisdiction to consider such a challenge. *See United States v. King*, 604 F.3d 125, 141 n.9 (3d Cir. 2010).

*Id.* The court agreed that, ordinarily, the defendant's minor role would entitle him to an adjustment. *Id.* But because the defendant was a career offender, the it concluded that § 3B1.2 was inapplicable. *Id.* We agreed. *Id.* at 684.

Walking step by step through the Guidelines calculation process, we explained that "[t]he sequence of the Sentencing Guidelines Application Instructions . . . indicates that downward adjustments are allowed only for acceptance of responsibility after career offender status is imposed." *Id.* at 683. Because the Guidelines "direct[] the court to adjust the defendant's offense level in accordance with U.S.S.G. § 4B1.1 *after* any minor role enhancement is made[,] [o]ther adjustments are thus effectively overwritten [sic] by the magnitude of the career offender upward adjustment." *Id.* at 684.

Recognizing the obstacle *Johnson* poses, Coleman urges the Court to take the case *en banc* to overrule *Johnson*. We are doubtful that Coleman can meet the Court's criteria for *en banc* rehearing. *See* 3d Cir. I.O.P. 9.3. He can point to nothing that shows *Johnson* was wrongly decided, and our sister circuits have unanimously reached the same result employing similar reasoning. *See United States v. Morales-Diaz*, 925 F.2d 535, 540 (1st Cir. 1991); *United States v. Perez*, 328 F.3d 96, 97–98 (2d Cir. 2003) (per curiam); *United States v. Stroud*, 16 F.3d 413 (Table), No. 93-5700, 1994 WL 32762, at *1 (4th Cir. Feb. 8, 1994) (per curiam); *United States v. Cashaw*, 625 F.3d 271, 273–74 (5th Cir. 2010) (per curiam); *United States v. Smith*, 60 F. App'x 588, 589–90 (6th Cir. 2003) (per curiam); *United States v. Ward*, 144 F.3d 1024, 1036 (7th Cir. 1998); *United States v. Beltran*, 122 F.3d 1156, 1160 (8th Cir. 1997); *United States v. McCoy*, 23 F.3d 216, 218 (9th Cir. 1994)

4

(per curiam); *United States v. Jeppeson*, 333 F.3d 1180, 1182–84 (10th Cir. 2003); *United States v. Griffin*, 109 F.3d 706, 708 (11th Cir. 1997) (per curiam).

Even if we were to adopt Coleman's preferred interpretation of the law, he would obtain no relief. The District Court carefully considered the facts of Coleman's case before deciding, on the merits, that a mitigating role adjustment was unwarranted. *See United States v. Isaza-Zapata*, 148 F.3d 236, 238 (3d Cir. 1998) ("The district courts are allowed broad discretion in applying [§ 3B1.2,] and their rulings are left largely undisturbed by the courts of appeal."). Instead, the Court considered Coleman's role in the offense when weighing—and ultimately awarding—a variant sentence. Coleman has not challenged the its application of the mitigating role adjustment and we discern no error in its decision.

## III.

For the reasons set forth above, we will affirm the District Court's judgment.

5