

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-9-1998

# United States v. Johnson

Precedential or Non-Precedential:

Docket 97-5574

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"United States v. Johnson" (1998). *1998 Decisions*. Paper 221.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/221

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed September 9, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-5574

UNITED STATES OF AMERICA,

      Appellee,

v.

WILLIAM JOHNSON,

      Appellant.

Appeal from the United States District Court
for the District of New Jersey
D.C. No.: 96-cr-00413-7

Submitted Under Third Circuit LAR 34.1(a)
July 20, 1998

BEFORE: STAPLETON, ROSENN, Circuit Judges and
RESTANI,* Court of International Trade

(Filed September 9, 1998)

Rocco C. Cipparone, Jr.
203-205 Black Horse Pike
Haddon Heights, NJ 08035
 Counsel for Appellant

_____

* Honorable Jane A. Restani, Judge, United States Court of International
Trade, sitting by designation.

Faith S. Hochberg
United States Attorney
Amanda Haines
Assistant United States Attorney
970 Broad Street
Newark, NJ 07102
 Counsel for Appellee

OPINION OF THE COURT

RESTANI, Judge, Court of International Trade:

The issue on appeal is whether the United States
Sentencing Guidelines (hereinafter "U.S.S.G." or
"Sentencing Guidelines") allow a downward adjustment in
offense level for a defendant's minor role in a crime when
the career offender provision applies. The district court held
that because the Defendant was a career offender under the
Sentencing Guidelines, the district court lacked authority to
grant a minor role downward adjustment. The Defendant
timely appealed. We affirm.

I.

The facts of this case are undisputed. Defendant Johnson
and nine others were charged with conspiring to distribute
more than five kilograms of cocaine, in violation of 21
U.S.C. S 841(a)(1) (1994) (distribution of controlled
substances), under 21 U.S.C. S 846 (1994) (attempt and
conspiracy) and 18 U.S.C. S 2 (1994) (aiders and abettors
punished as principals). After reaching an agreement with
the government, Johnson pled guilty on April 17, 1997, to
the charge of conspiracy to possess with intent to distribute
less than 100 grams of heroin, in violation of 21 U.S.C.
S 846 (1994). In the plea agreement, the parties stipulated,
inter alia, that Johnson's timely acceptance of responsibility
for his crime warranted a three-point downward departure
in offense level, pursuant to U.S.S.G. S 3E1.1(a)-(b) (May
1997), and that Johnson's minor role in the conspiracy
warranted a two-point downward adjustment in offense
level, pursuant to U.S.S.G. S 3B1.2(b) (May 1997).

2

The Presentence Investigation Report ("PSR"), submitted to the district court by the Probation Office, attributing the sale of 0.4 grams of heroin to Johnson, tabulated Johnson's base offense level at 12, pursuant to U.S.S.G. S 2D1.1(c)(14) (May 1997) (drug offenses involving less than five grams of heroin). Johnson's adult criminal record includes two prior felony convictions, one for the manufacture and sale of a controlled dangerous substance, and one for armed robbery. The PSR concluded that this history defined Johnson as a career offender under U.S.S.G. S 4B1.1 (May 1997),[1] thereby increasing his offense level to 32. The PSR also recommended that the district court grant a three-level downward adjustment to Johnson for his acceptance of responsibility and timely cooperation with the prosecution, resulting in a total recommended offense level of 29.

On August 28, 1997, the district court sentenced Johnson according to the PSR recommendations. The district court agreed that Johnson's base offense level of 12 should be increased to 32 under the career offender provision, followed by a three-level reduction for acceptance of responsibility, with a final offense total of 29. Out of the corresponding sentencing range of 151 to 188 months' incarceration, U.S.S.G. S 5A, the court sentenced Johnson to 151 months, with three years' probation and $1,100 in fines. Defendant objected that the government's stipulation and the facts of the case also entitled him to a minor role adjustment. The district court agreed that Johnson's minor role would ordinarily warrant a downward adjustment, but concluded that the minor role adjustment does not apply to career offenders.

On appeal, Johnson seeks a remand for re-sentencing, arguing that the district court erred as a matter of law

_____

1. The Sentencing Guidelines provide, in relevant part:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. S 4B1.1.

when it determined that the career offender provision, U.S.S.G. S 4B1.1, precluded the court from granting him a downward minor role adjustment to his offense level.

II.

We subject the district court's interpretation and application of the Sentencing Guidelines to plenary review. United States v. McQuilkin, 97 F.3d 723, 727 (3rd Cir. 1996), cert. den., 117 S.Ct. 2413 (1997). The Sentencing Guidelines are read according to the canons of statutory interpretation. See United States v. Wong, 3 F.3d 667, 670–71 (3rd Cir. 1993). Here, we consider the plain language of the career offender provision, the legislative policy behind it, and its position within the sequence of Sentencing Guideline Application Instructions. See United States v. Schneider, 14 F.3d 876, 879 (3rd Cir. 1994).

Congress directed the Sentencing Commission to assure that career offenders be sentenced "to a term of imprisonment at or near the maximum term authorized." 28 U.S.C. S 994(h) (1994). Section 4B1.1 of the Sentencing Guidelines implements Congress' mandate by providing a table dictating substantial prison terms for repeat violent offenders and repeat drug traffickers. See U.S.S.G. S 4B1.1, Commentary, Background.

The sequence of the Sentencing Guideline Application Instructions, U.S.S.G. S 1B1.1 (May 1997), indicates that downward adjustments are allowed only for acceptance of responsibility after career offender status is imposed. Subsection (a) directs the court to determine the applicable offense guideline. U.S.S.G. S 1B1.1(a). Subsection (b) tells the court to determine the base offense level and to apply any appropriate specific offense characteristics. U.S.S.G. S 1B1.1(b). Subsection (c) provides for adjustment of the base offense level as appropriate related to victim, role, and obstruction of justice (e.g., minor role adjustment). U.S.S.G. S 1B1.1(c). Subsection (e)2 instructs the court to apply the acceptance of responsibility adjustment, where appropriate.

_____

2. Subsection (d) pertains to the treatment of conspiracies to commit multiple offenses. U.S.S.G. S 1B1.1(d).

U.S.S.G. S 1B1.1(e). Subsection (f) directs the court to determine the defendant's criminal history category and to make any applicable adjustments under Part B of Chapter 4. The "career offender adjustment" is such an adjustment. U.S.S.G. S 1B1.1(f). Finally, subsection (g) directs that the court determine the appropriate sentencing guideline range from the table provided in Chapter Five based on the previously determined offense level and criminal history category. U.S.S.G. S 1B1.1(g). The court reads these instructions as providing a sequence of steps for the court to follow in the order in which they appear.

Section 4B1.1 of the Sentencing Guidelines provides that "[i]f the offense level for a career criminal from the table [set forth therein] is greater than the offense level otherwise applicable, the offense level from the table . . . shall apply. A career offender's criminal history category in every case shall be category VI." That section thus presupposes that the court has previously calculated the "offense level otherwise applicable" which has incorporated any reduction for the defendant's role in the offense. If that offense level, as here, is lower than the offense level stated in the U.S.S.G. S 4B1.1 table, the table's offense level must be used, along with a criminal history category of VI, in determining the applicable guideline range under Chapter 5.

With one express exception, whenever "the otherwise applicable offense level" is lower than the offense level in U.S.S.G. S 4B1.1's table, section 4B1.1 dictates the final offense level and criminal history category to be used in determining the guideline range. In 1989, Amendment 266 added a footnote to U.S.S.G. S 4B1.1, instructing courts as follows: "If an adjustment from S 3E1.1 (Acceptance of Responsibility) applies, decrease the offense level by 2 levels."[3]

_____

3. Subsequently, Amendment 459 replaced the text of the footnote to U.S.S.G. S 4B1.1 with the following:

   If an adjustment from S 3E1.1 (Acceptance of Responsibility) applies,
      decrease the offense level by the number of levels corresponding to
      that adjustment.

United States Sentencing Commission, Guidelines Manual, App. C, Amendment 459 (effective Nov. 1, 1992).

United States Sentencing Commission, Guidelines Manual, App. C, Amendment 266 (effective Nov. 1, 1989). The purpose of the amendment was "to provide an incentive for the acceptance of responsibility by defendants subject to the career offender provision." Id. In light of the Sentencing Commission's overall intent to impose substantial prison terms on repeat violent offenders and repeat drug traffickers, the fact that no other reductions are provided for after the career offender adjustment is evidence that, at that juncture, downward adjustments are allowed only for acceptance of responsibility. See Wong, 3 F.3d at 670–671 ("[E]xpressio unius est exclusio alterius.").

If the sequence of the statutory provisions were arbitrary, the additional provision for an acceptance of responsibility reduction would have been unnecessary, as courts could simply have applied U.S.S.G. S 1B1.1(e) after U.S.S.G. S 1B1.1(f) with the same effect. The treatment of acceptance of responsibility thus attests to the drafters' understanding of the provisions as an ordered list. In the case of a career offender, U.S.S.G. S 1B1.1(f) directs the court to adjust the defendant's offense level in accordance with U.S.S.G. S 4B1.1 after any minor role adjustment is made. Other adjustments are thus effectively overwritten by the magnitude of the career offender upward adjustment. 4

_____

4. The other Circuit Courts of Appeals which have addressed the issue agree that minor role downward adjustments do not apply to the career offender context. See United States v. Morales–Diaz, 925 F.2d, 535, 540 (1st Cir. 1991) (mitigating role reductions do not apply to career offenders); United States v. Ward, 144 F.3d 1024, 1036 (7th Cir. 1998) (absent express authorization, "role in the offense" adjustments do not apply to career offender offense levels); United States v. Beltran, 122 F.3d 1156, 1160 (8th Cir. 1997) (mitigating role adjustments "simply do not apply in the career offender context"); United States v. McCoy, 23 F.3d 216, 218 (9th Cir. 1994) (allowance of minor role adjustments would conflict with Congress' desire for maximum sentence); United States v. Griffin, 109 F.3d 706, 708 (11th Cir. 1997) (Sentencing Guideline provisions for role reductions do not apply to the statutory mandatory minimum term given to a career offender); but see United States v. Reyes, 1992 WL 110987, at *1 (S.D.N.Y. 1992) (downward adjustments granted for minor role and acceptance of responsibility).

6

III.

Defendant also contends that the silence of U.S.S.G.
S 4B1.1 as to the application of minor role adjustments
means that the rule of lenity applies. The court disagrees.
The rule of lenity dictates that "ambiguity concerning the
ambit of criminal statutes should be resolved in favor of
lenity [to the defendant]." Rewis v. United States, 401 U.S.
808, 812 (1971). The rule applies only where a statute is
found to be ambiguous upon review of "the text, structure,
legislative history, and policies behind the statute,"
Schneider, 14 F.3d at 879, not "at the beginning of the
process of construction, ` "as an overriding consideration of
being lenient to wrongdoers," ' " United States v. Rodriguez,
961 F.2d 1089, 1093–94 (3rd Cir. 1992) (quoting Chapman
v. United States, 500 U.S. 453, 463 (1991) (quoting
Callanan v. United States, 364 U.S. 587, 596 (1961))). If the
statute is not ambiguous, then the statute's plain language
shall apply. United States v. Cicco, 10 F.3d 980, 984 (3rd
Cir. 1993). Because there is nothing ambiguous in the
statute or the legislative history as to the application of the
career offender provision, the rule of lenity does not apply.
Section 4B1.1 of the Sentencing Guidelines does not give
ambiguous instructions for applying minor role
adjustments; it does not mention them at all.

IV.

Defendant further directs the court to United States v.
Shoupe, 35 F.3d 835 (3rd Cir. 1994), and United States v.
Rivers, 50 F.3d 1126 (2nd Cir. 1995), as examples of
downward adjustments granted to career offenders for
reasons other than acceptance of responsibility. These
cases are inapposite. Shoupe and Rivers affirm a sentencing
judge's discretion under U.S.S.G. S 4A1.3 (Nov. 1993 and
1994) to depart downward in offense level and criminal
history category where a career offender's formal criminal
history misrepresents the defendant's actual criminal past
and probability of recidivism. Shoupe, 35 F.3d at 838–39
(may depart where youth and other factors mitigate weight
of earlier felonies); Rivers, 50 F.3d at 1127–28, 1131
(departure appropriate where remoteness of prior history
diminishes likelihood of recidivism). There is no indication

7

that the district court misperceived its discretion to depart from the guidelines in an appropriate case. Here, the court simply and properly declined to apply a minor offense adjustment after applying the career offender provision. The court's intention was to apply the guidelines, not to depart from them.

V.

The district court did not err in its application of the Sentencing Guidelines in this case. Based on the plain language of the Sentencing Guidelines, their legislative history, and the sequence of the relevant provisions, we affirm the district court's holding that minor role downward adjustments do not apply to career offenders.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

8