

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2003

# USA v. Collado

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-1968

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Collado" (2003). *2003 Decisions.* Paper 175.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/175

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 01-1968
_____

UNITED STATES OF AMERICA

v.

EDWARD COLLADO a/k/a GRACE W. JU

EDWARD COLLADO,

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 00-cr-00617-2)
District Judge: Honorable Garrett E. Brown, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
on September 4, 2003

Before: SLOVITER, NYGAARD AND ROTH, Circuit Judges

(Opinion filed: October 30, 2003)

ROTH, Circuit Judge:

In this appeal, counsel for defendant Edward Collado has filed a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). On October 25, 2000, Collado plead guilty to conspiracy to distribute and possess with intent to distribute more then 50 grams of crack-cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Collado's base level was 37 with a three level downward adjustment for acceptance of responsibility resulting in a level of 34. Collado had a criminal history category of six as a career offender for a total sentencing range of 262 to 327 months. The District Court denied Collado's motion for a downward adjustment based upon a minor role in the offense, finding that a downward adjustment was precluded by application of the career criminal offender finding and adopted the recommendations of the Pre-sentence Investigation Report.

After an application was made for downward departure for substantial assistance pursuant to Guideline § 5K1.1, the District Court granted the motion and departed downward by four levels to a level 30 with a sentencing range of 168-210 months. The District Court sentenced Collado to a custodial term of 170 months in prison, imposed a special assessment of $100.00, imposed a five-year period of supervised release and ordered a fine of $3,400.00 due to limited ability to pay.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. When evaluating the merits of counsel's motion to withdraw, our inquiry

2

is twofold. We must evaluate (1) whether counsel's brief adequately fulfills the *Anders* requirements, and (2) whether an independent review of the records presents any non-frivolous issues. *See United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

Under *Anders*, if, after a conscientious examination of the case on appeal, court-appointed counsel "finds his case to be wholly frivolous . . . he should so advise the Court and request permission to withdraw." *Anders*, 386 U.S. at 744. The request must be accompanied by "a brief referring to anything in the record that might arguably support an appeal." *Id*. The brief must (1) "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," *Youla*, 241 F.3d at 300, (2) identify "issues arguably supporting" an appeal, *Smith v. Robbins*, 528 U.S. 259, 285 (2000), and (3) explain why the issues are frivolous. *Youla*, 241 F.3d at 300.

Our first inquiry is whether counsel's brief meets the necessary requirements. *See Youla*, 241 F.3d at 300. Counsel identifies the following issues as arguably supporting an appeal: (1) whether this court will reconsider its decision in *United States v. Johnson*, 155 F.3d 682 (3rd Cir. 1998), thereby allowing Collado to potentially obtain the benefit of a downward adjustment for his minor role in the offense notwithstanding his status as a career criminal offender; and (2) whether this Court should review the extent of the District Court's downward departure for substantial assistance.

Defense counsel found the first arguably appealable issue frivolous. After making a diligent and thorough examination of the charges and facts, counsel concludes that

because Collado's career criminal offender status precludes a downward adjustment due to his minor role as a matter of law, and application of such is not warranted on the facts of this case, the issue is frivolous. *See United States v. Johnson*, 155 F.3d 682, 685 (3d Cir 1998) (holding that minor role adjustments do not apply to career offenders).

As for the second arguably appealable issue, counsel performed an equally diligent and thorough investigation as to its merits and identified the argument's invalidity. In *United States v. Torres*, 251 F.3d 138 (3d Cir. 2001), we concluded that the extent of the District Court's downward departure for substantial assistance is unreviewable.

Counsel's brief identifies the arguably appealable issues and explains why they are frivolous. Moreover, the brief is evidence that counsel thoroughly examined the record. After examining counsel's brief, we find that it appears adequate on its face.

Under *Anders*, "a copy of counsel's brief should be furnished to the indigent and time allowed [to the defendant] to raise any points that he chooses." 386 U.S. at 744. A copy of defense counsel's brief was furnished to the defendant. Collado has failed to file a brief raising any other points.

For the foregoing reasons, we will affirm the judgment of the District Court and grant counsel's request to withdraw.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ JANE R. ROTH
Circuit Judge

5