OPINION
McKEE, Circuit Judge.
Benjamin Rodriguez challenges the district court’s ruling that he was not eligible for an additional two-point reduction in his base offense level because of his classification as a career offender. For the reasons that follow, we will affirm.
I.
Inasmuch as we are writing primarily for the parties, we need not set forth the factual or procedural history in detail. After entering into a plea agreement, Rodriguez argued that he was entitled to a two-point minor role reduction pursuant to U.S.S.G. § 3B1.1 because he had not been an “active player,” and because he “didn’t make any money [from the drug transaction].” App. 14, 17. The government opposed the request because the applicable Guidelines sentencing range was driven by his career offender status under § 4B1.1 of the Guidelines. The district court acknowledged Rodriguez’s minor role in the instant offense, but agreed that § 4B1.1 precluded the two-point reduction Rodriguez was requesting.
The district court accepted the revised PSR, with its recommended three-point *312 reduction for acceptance of responsibility. The court also granted the government’s § 5K1.1 motion which reduced Rodriguez’s base offense level by an additional two levels, from 34 to 32. When combined with a criminal history category of VI, this resulted in an advisory sentencing range of 210 to 262 months. The court imposed a sentence of 210 months because of Rodriguez’s relatively minor role, and the government’s recommendation. This appeal followed.
II.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). Our review of the district court’s interpretation and application of the Guidelines is plenary. See United States v. DeJesus, 347 F.3d 500, 505 (3d Cir.2003).
III.
As noted at the outset, Rodriguez argues that the district court erred in concluding that his career offender status made him ineligible for an additional two-level reduction in base offense level under § 3B1.1 of the Guidelines. The argument is foreclosed by our decision in United States v. Johnson, 155 F.3d 682 (3d Cir.1998). There, we held that “minor role downward adjustments do not apply to career offenders.” Id. at 685. Johnson remains controlling precedent in this circuit, and cannot be overruled by an appellate panel. See 3d Cir. IOP 9.1 (“Court en banc consideration is required to [overrule precedential opinions].”).
Although Rodriguez acknowledges the holding in Johnson, he argues that Johnson should be reconsidered in light of the Supreme Court’s holding in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In Booker, the Court invalidated 18 U.S.C. § 3553(b)(1), which made mandatory the imposition of a sentence within the calculated Guidelines range. See 543 U.S. at 259, 125 S.Ct. 738. Rodriguez asserts that since the Guidelines are now advisory, the district court should now also have the discretion to apply the additional two-point reduction for minor participation regardless of Rodriguez’s career offender status. Rodriguez’s reliance on Booker is misplaced.
Following Booker, we held that district courts are to follow a three-step procedure in calculating the appropriate sentence for a defendant. See United States v. Gunter, 462 F.3d 237, 247 (3d Cir.2006). The steps are:
(1) Courts must continue to calculate a defendant’s Guidelines sentence precisely as they would have before Booker.
(2) In doing so, they must “formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure and how that departure affects the Guidelines calculation and take[e] into account [our] Circuit’s pre-Booker case law, which continues to have advisory force.”
(3) Finally, they are required to “exercise[ ] [their] discretion by considering the relevant [§ 3553(a) ] factors” in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.
Id. (internal citations omitted) (alterations in original). Rodriguez objects to the district court’s interpretation of the Guidelines in step two. Our case law makes clear that Booker does not apply to the second step of the Guidelines calculation. See United States v. Grier, 585 F.3d 138, 142 (3d Cir.2009) (holding that Booker only gave judges discretion at step three under *313 § 3553(a)). The rule of Booker is not violated by the district court’s ruling here because even though the court correctly concluded that Rodriguez was not eligible for the reduction he sought, the court retained the discretion to impose a sentence below the Guideline range that resulted from the court’s Guideline calculation. The district court was also correct in “tak[ing] into account [this circuit’s] pre-Booker case law,” Gunter, 462 F.3d at 247, in ruling that the minor role adjustment did not apply to career offenders, see Johnson, 155 F.3d at 685. Thus, we conclude that the district court did not err in imposing this sentence and denying the additional two-point downward adjustment in calculating his Guidelines base offense level.
IV.
For the foregoing reasons, we will affirm the decision of the district court.