CLD-036                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2954
_____

UNITED STATES OF AMERICA,

v.

FRANKIE GONZALEZ,
Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 96-cr-0114)
District Judge:  Honorable Dickinson R. Debevoise
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 12, 2010

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(filed: November 18, 2010 )
_____

OPINION OF THE COURT
_____

PER CURIAM

Frankie Gonzalez, a federal prisoner proceeding pro se, appeals an order of the

United States District Court for the District of New Jersey denying his motion for a

reduction in sentence pursuant to 18 U.S.C. § 3582(c) and an order denying his motion

for reconsideration. Because this appeal presents no substantial question, we will summarily affirm the judgment of the District Court.

In 1996, Gonzalez was convicted on two counts: RICO conspiracy, 18 U.S.C. § 1962(d), and conspiracy to distribute and to possess with intent to distribute a controlled substance (heroin), 21 U.S.C. § 846. The District Court sentenced Gonzalez to two concurrent life terms.[1] We affirmed on direct appeal, and the Supreme Court denied certiorari review. Gonzalez next filed a 28 U.S.C. § 2255 motion, which the District Court denied as untimely filed. This Court denied a certificate of appealability in August 2001.

In March 2008, Gonzalez moved in the District Court to reduce his sentence pursuant to § 3582(c)(2), arguing that he was entitled to relief under Amendment 591 to the Sentencing Guidelines. Gonzalez also filed a motion for discovery, seeking copies of documents pertaining to his criminal case. The District Court denied both motions, holding that there were no grounds upon which to compel discovery and that Gonzalez "is not eligible for [a sentence] modification, pursuant to 18 U.S.C. § 3582(c)(2), because the Sentencing Commission has not lowered the sentencing range for 18 U.S.C. §§ 1961, 1962(c), or 1962(d); or 21 U.S.C. §§ 841(a)(1) or 846." Gonzalez filed a timely motion

---

[1] The District Court's Judgment noted that the sentence was imposed for the following reasons: "At the top level of a major heroin distribution organization since its inception in 1992. An organization which employed guns and violence and had a government informant murdered. A plan which defendant knew. Defendant participated in all aspects of the organization and, for a significant period of time, was its organizer and leader."

for reconsideration of the order denying his § 3582(c) motion, see Fed. R. Civ. P. 59(e), which the District Court denied.[2] Gonzalez appealed.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Section 3582(c)(2) authorizes a district court to reduce a term of imprisonment in the case of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. See § 3582(c)(2). A sentence may be reduced under § 3582(c)(2) only when "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.; United States v. McBride, 283 F.3d 612, 614 (3d Cir. 2002). Amendment 591, which took effect in November 2000, is listed in the Guidelines as applying retroactively. See U.S.S.G. § 1B1.10(c). Nevertheless, the applicable policy statement provides that a sentence reduction is not authorized if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B).

---

[2] In the motion for reconsideration, Gonzalez argued that the District Court had misconstrued his § 3582(c) motion as being premised on changes in the Sentencing Guidelines to the base offense level for crack cocaine offenses. In support of his motion for reconsideration, Gonzalez attached a page from the electronic docket which recorded the District Court's order as "denying . . . Motion to Reduce Sentence re Crack Cocaine Offense." The District Court denied the motion for reconsideration, noting that the docket entry was "obvious error" because the order itself "had nothing to do with crack cocaine or any other form of cocaine and simply referred to the § 3582(c)(2) motion that [Gonzalez] had filed." We agree. Thus, to the extent that Gonzalez's Rule 59(e) motion was based on the docket entry's reference to "cocaine," the District Court did not abuse its discretion in denying that motion. See Max's Seafood Café ex rel. Lou- Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

There are a "sequence of steps for the court to follow" in calculating a defendant's sentence under the Guidelines. United States v. Johnson, 155 F.3d 682, 684 (3d Cir. 1998) (emphasis omitted). At the first step, a sentencing court refers to the Statutory Index of the Sentencing Manual (Appendix A) in choosing the offense guideline in Chapter Two. §§ 1B1.1(a); 1B1.2(a). At the second step, the sentencing court "[d]etermine[s] the base offense level and appl[ies] any appropriate section specific offense characteristics, cross references, and special instructions contained in the particular guideline in Chapter Two in the order listed." § 1B1.1(b). "At this stage, the court can factor in relevant conduct, unless the guidelines otherwise specify." United States v. Aquino, 555 F.3d 124, 127-28 (3d Cir. 2009) (citing § 1B1.3(a)).

Prior to Amendment 591, a sentencing court proceeding under the first step was authorized to use the Statutory Index as an "aid in finding the most applicable guideline among several possibilities." United States v. Diaz, 245 F.3d 294, 302 (3d Cir. 2001). Therefore, the sentencing court could select an offense guideline based on the defendant's actual conduct, even if that conduct did not result in conviction. See United States v. Smith, 186 F.3d 290, 297 (3d Cir. 1999). Amendment 591 modified the Guidelines to require a sentencing court to apply the offense guideline referenced in the Statutory Index that corresponds to the statute under which the defendant was convicted. See Diaz, 245 F.3d at 302 (3d Cir. 2001) (noting that the "amendment reflects a change from the permissive to the mandatory.").

4

Gonzalez was convicted of RICO conspiracy under 18 U.S.C. §1962(d). Then, as now, the applicable offense guideline for the RICO conviction was § 2E1.1. That provision prescribes a base offense level of either 19 or "the offense level applicable to the underlying racketeering activity," whichever is greater. § 2E1.1(a)(2). Furthermore, if the underlying conduct violated state law, the offense level corresponding to the most analogous federal offense is to be used. See Application Note 2 to § 2E1.1. In this case, the Government indicated that at this second stage the sentencing court applied the offense level applicable to first degree murder found in § 2A1.1, because Gonzalez's conduct violated the New Jersey statute governing murder. See N.J. Stat. Ann. § 2C:11-3(a).

Gonzalez emphasizes that the "Grand Jury never returned an indictment charging [him] with murder." Petitioner's Motion in Opposition of Possible Summary Action, 4. Amendment 591 does not afford Gonzalez any relief, however, because, while the Amendment limits the use of uncharged conduct in the initial selection of the applicable guideline, it does not prohibit the sentencing court from considering such conduct at the second step of the sentencing process. Here, the sentencing court's first step application of § 2E1.1 as the appropriate offense guideline was based on Gonzalez's statute of conviction, not on his other conduct. Indeed, the sentencing court did not use the relevant conduct attributed to him (murder) to select an offense guideline from the Statutory Index. "Rather, [Gonzalez's] relevant conduct was used at the *next* stage in the sentencing calculation–to identify the pertinent 'underlying racketeering activity'

5

pursuant to § 2E1.1's cross reference." <u>United States v. Hurley</u>, 374 F.3d 38, 40 (1st Cir. 2004). This process is permissible. <u>See</u> <u>United States v. Moreno</u>, 421 F.3d 1217, 1219-20 (11th Cir. 2005) (holding that Amendment 591 does not restrict the use of judicially-found facts to select the base offense level).

Because the District Court did not err in denying Gonzalez's § 3582(c) motion, we conclude that his appeal presents us with no substantial question. Accordingly, we will summarily affirm the judgment of the District Court. <u>See</u> Third Circuit L.A.R. 27.4 and I.O.P. 10.6.