NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1551
_____

UNITED STATES OF AMERICA

v.

RUBEN RODRIGUEZ,
                                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00695-001)
District Judge: Honorable Petrese B. Tucker

_____

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2012

Before: VANASKIE, BARRY and CUDAHY,[*] *Circuit Judges*

(Filed: June 26, 2012)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Ruben Rodriguez pled guilty to one count of attempted possession with intent to

distribute more than 500 grams of cocaine in violation of 21 U.S.C §§ 846, 841(a)(1), and

_____
[*] Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court
of Appeals for the Seventh Circuit, sitting by designation.

1

(b)(1)(B). The United States District Court for the Eastern District of Pennsylvania sentenced him to 262 months' imprisonment, followed by eight years' supervised release. Rodriguez filed a timely *pro se* notice of appeal. We appointed counsel who subsequently moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. Rodriguez filed a *pro se* brief in response. For the reasons that follow, we will affirm the judgment and sentence of the District Court and grant the motion to withdraw.

## I.

The pertinent facts may be stated succinctly. In September 2009, United States Postal Inspectors intercepted a package sent from Puerto Rico to Philadelphia that contained a little more than two kilograms of cocaine. The Postal Inspectors replaced the cocaine with an inert substance, resealed the package along with a device that would signal when the parcel was opened, and had it delivered per its address, where Rodriguez signed for it on September 4, 2009. Upon being alerted that the package was opened soon after it was delivered, law enforcement agents arrived at the delivery address, where they encountered Rodriguez and another male. Rodriguez fled and was apprehended after a rooftop chase. These facts formed the predicate for the one-count indictment charging possession with intent to distribute in excess of 500 grams of cocaine.

## II.

The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Counsel may seek to withdraw from representation if, "after a conscientious examination" of the record, *Anders*, 386 U.S. at 744, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a). If we concur with this assessment, we "will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* We exercise plenary review over an *Anders* motion. *See Penson v. Ohio*, 488 U.S. 75, 82-84 & n.6 (1988).

When presented with an *Anders* brief, our inquiry is two-fold: "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). The *Anders* brief must "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," and also "explain why the issues are frivolous." *Id.* While "[c]ounsel need not raise and reject every possible claim . . . at a minimum, he or she must meet the 'conscientious examination' standard." *Id.* If we find that "the *Anders* brief initially appears adequate on its face," in the second step of our analysis we will "confine our scrutiny to those portions of the record identified by . . . [the] *Anders* brief," as well as "those issues raised in Appellant's *pro se* brief." *Id.* at 301.

Counsel identifies two potentially appealable issues: (1) that Rodriguez's guilty plea was not entered knowingly and voluntarily; and (2) that the District Court's sentence was unreasonable. Counsel concludes that each issue is frivolous on appeal. Our independent review of the record confirms counsel's assessment that there are no non-frivolous issues for appeal.

3

## III.

Rule 11 of the Federal Rules of Criminal Procedure sets forth the requirements for the entry of a valid guilty plea, including that the defendant understands the charges against him, the rights he waives by pleading guilty, and the maximum penalty. *See* Fed. R. Crim. P. 11. For the most part, the record does reflect that the Court conducted an extensive plea colloquy that complied with the requirements of Rule 11. Indeed, the Court ensured that the plea was voluntary, and that Rodriguez understood the charges against him, the rights he waived by pleading guilty, and the maximum penalty.

Yet, there is a discernible error with respect to the requirement to advise a defendant about the applicability of the sentencing guidelines. Under Rule 11(b)(1)(M), a court must inform the defendant that "in determining a sentence, the [court is obliged] to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under [§ 3553(a)]." Prior to accepting his plea, the Court discussed penalties but did not address the guidelines. It explained the maximum penalty that would apply to a defendant with no prior felony drug offenses, and then stated: "It is the government's position that you have one or more prior felony drug convictions and therefore, the maximum penalty is a mandatory minimum of 10 years imprisonment with a maximum of life in prison." (A. 21.) Immediately after the Court accepted his plea, the Government notified the Court that it had not "discussed the sentencing guidelines with [Rodriguez]." (A. 29.) The Government noted that "[i]n this case the guidelines are significant because of the career offender status," and explained: "We have the 10 year mandatory minimum, but the

4

guidelines themselves because of the career offender status would take the defendant to 360, 360 months or 30 years to life." (A. 29-30.) The Court then confirmed that Rodriguez understood this point and had discussed the guidelines with counsel, and advised him that the Court was required to consider the guidelines in determining his sentence. Rodriguez stated that he understood each of these points, and had no questions about the application of the guidelines.

In his *pro se* brief, Rodriguez asserts that "counsel failed to raise the issue that the court clearly violated [his] rights by accepting his plea prior to advising him that he was designated as a career offender . . . and inquiring as to whether [he] desired to withdraw his plea based on that fact." (Rodriguez Br. at 2.) He argues that his plea colloquy was defective because the Court "failed to advise him that based on the designation of career offender under U.S.S.G. 4B1.1, [he] could have withdrawn his plea." (*Id.* at 2-3.) He further explains that he "believed that he could not move to withdraw his plea since the Court already accepted his plea," and asserts that he "would have changed his plea had he known he had been designated as a career offender," but concedes that his "present term and the potential term which he could receive following a jury conviction is virtually the same." (*Id.*)

To the extent Rodriguez maintains that the Court erred by failing to inform him of his career offender status, this argument is meritless, as Rule 11 does not require courts to inform defendants of their career offender status. *See* Fed. R. Crim. P. 11. This argument, however, does suggest a related, potentially colorable claim that counsel did not raise in his brief: that Rodriguez's plea was not entered knowingly because the Court

5

failed to advise him about the guidelines until after it had accepted his plea, and did not give him an opportunity to withdraw it based on that information. Although counsel's *Anders* brief fails to raise this claim, we conclude that it is frivolous.

When a defendant does not object to an inadequate plea colloquy at the hearing, he must demonstrate plain error, which "requires that there must be (1) error, (2) that is plain or obvious, and (3) that affects a defendant's substantial rights. 'If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Goodson*, 544 F.3d 529, 539 (3d Cir. 2008) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

The facts reflect an error that is plain, satisfying the first two elements. Rule 11 provides that a court must inform the defendant about the applicability of the sentencing guidelines "[b]efore the Court accepts a plea of guilty." Fed. R. Crim. P. 11(b)(1). The purpose of a Rule 11 colloquy is to ensure that defendants are adequately informed *before* they plead guilty, in order to give them an opportunity to decline to plead in light of the consequences. Here, the Court's failure to inform Rodriguez about the guidelines until after it accepted his plea deprived him of this opportunity. This is an error that is plain and obvious.

In order to demonstrate that this defect affected substantial rights, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*,

6

542 U.S. 74, 83 (2004). In other words, Rodriguez has the burden of demonstrating prejudice: that "the outcome of the proceedings *would* have been different," meaning that "he *would*, in fact, have pled not guilty and gone to trial." *United States v. Dixon*, 308 F.3d 229, 234-35 (3d Cir. 2002). In determining whether an error affected substantial rights, we may consider the whole record, and not just the transcript of the plea colloquy. *United States v. Vonn*, 535 U.S. 55, 59 (2002).

We do not believe that Rodriguez could establish that the Court's Rule 11 violation prejudiced his substantial rights. His claim that he "would have changed his plea had he known he had been designated as a career offender" is unavailing because the Court had no obligation to inform him of his career offender status. (Rodriguez Br. at 3.) Moreover, we do not think he could demonstrate that he would have gone to trial had he been informed of the guidelines before entering his plea or, in the alternative, that he would have withdrawn his plea after learning this information, had he been given the opportunity. Since Rodriguez stated that he understood the guidelines, had discussed them with his lawyer, and had no questions about their application, we do not think there is a reasonable probability that this information impacted his decision to plead guilty.[1] *See Dominguez Benitez*, 542 U.S. 74 (finding no prejudice where the defendant already knew the omitted information through other means).

---

[1] Rodriguez appears to claim that he did not understand that the guidelines applied, asserting: "The Court confused [him] by advising him that his sentence would be determined by the guidelines, which [he] believed that he was going to receive the (10) year mandatory minimum, as advised by counsel, rather than, receive an enhanced sentence as a career offender." (Rodriguez Br. at 2.) His statement at the plea colloquy that he did understand the guidelines and had no questions about their application, however, was sufficient for the purposes of Rule 11.

Since Rodriguez was aware that the guidelines applied before he entered his plea, we find that he was not prejudiced by the Court's error. Discerning no other error in the Court's plea colloquy, we agree with counsel's conclusion that there is no non-frivolous claim that Rodriguez's plea was invalid.

IV.

Second, we also agree with counsel's assessment that there are no non-frivolous challenges to the legality of the sentence. Counsel identifies three potentially appealable matters.

The first potentially appealable matter concerns the District Court's adherence to the requirements of Fed. R. Crim. P. 32. We find that the Court fully complied with the requirements of Rule 32. The record reflects that the Court afforded Rodriguez and his defense counsel an opportunity to speak and present evidence, and gave the government an opportunity to address the Court about the appropriate sentence. Additionally, the Court informed Rodriguez of his right to appeal his conviction and sentence. We therefore agree with counsel's conclusion that there are no non-frivolous issues that could be raised with respect to Rule 32.

The second potentially appealable matter concerns the procedural soundness of the sentencing decision. District Courts must follow a three-step process in imposing a sentence: (1) correctly calculate the advisory guidelines range; (2) formally rule on any departure motions; and (3) consider all of the § 3553(a) factors and make an individualized assessment of the proper sentence based on the facts. *United States v. Lofink*, 564 F.3d 232, 237-38 (3d Cir. 2009). Our review of the record discloses no error

8

in the calculation of Rodriguez's advisory guidelines imprisonment range of 262 to 327 months based on his status as a career offender. In this regard, Rodriguez's complaint that his offense level should have been reduced based upon a minimal role in the underlying criminal conduct is unavailing, because such an adjustment is not available for a person covered by the career offender guidelines, such as Rodriguez. *See United States v. Johnson*, 155 F.3d 682, 683-84 (3d Cir. 1998).

Rodriguez moved for a downward departure and/or a variance pursuant to U.S.S.G. § 4B1.1, arguing that his career offender status "over represent[ed]" his criminal history, based on the fact that most of his prior offenses were minor street-level drug offenses. (A. 34.) The Court denied the request for a downward departure and found there was no basis for a variance. Since the Court's refusal to grant a departure is a discretionary decision, it is unreviewable on appeal. *United States v. Cooper*, 437 F.3d 324, 332-33 (3d Cir. 2006). Furthermore, the Court's refusal to grant a career criminal variance pursuant to U.S.S.G. § 4A1.3(b) is not subject to appellate review unless the record "reflects that the district court was not aware of or did not understand its discretion to make such a departure." *United States v. Grier*, 585 F.3d 138, 141 (3d Cir. 2009) (citation and internal quotations omitted). The record in this case does not suggest that the Court was unaware of its discretion to depart; to the contrary, it expressly declined to depart because it found that "the career criminal status that [Rodriguez] has was earned. And there is no overrepresentation of his criminal history." (A. 77.)

Finally, the record reflects that the Court did consider the § 3553(a) factors. The Court listened to Rodriguez's arguments with respect to these factors, and referenced

some of these factors when explaining its sentence, noting in particular the danger that Rodriguez posed and the importance of protecting citizens. The fact that the Court gave a sentence at the bottom of the advisory range—262 months—indicates that it gave some weight to these factors.

Finally, we also agree that Rodriguez has no non-frivolous argument that his sentence is substantively unreasonable. A sentence is substantively unreasonable only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). That standard is not met here. There is nothing in the record to suggest that Rodriguez has any non-frivolous argument that his sentence was substantively unreasonable.

V.

In conclusion, we find that counsel's *Anders* brief reflects a conscientious examination of the record and adequately explains why each of the potentially appealable issues is frivolous. Because our independent review of the record fails to reveal any other non-frivolous grounds for direct appeal, we will affirm the judgment of conviction and sentence, and grant counsel's motion to withdraw.