BLD-014                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4124
_____

UNITED STATES OF AMERICA

v.

OMAR TORRES-MONTALVO,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 95-cr-00070-1)
District Judge:  Honorable Jose L. Linares
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 17, 2014
Before:  AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 20, 2014)
_____

OPINION
_____

PER CURIAM

 Omar Torres-Montalvo, a federal prisoner proceeding pro se, appeals from the

United States District Court for the District of New Jersey's order denying his motion

under 18 U.S.C. § 3582(c)(2) for a reduction in sentence.  Because the appeal presents no

substantial question, we will grant the Government's motion to summarily affirm the District Court's order.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In 1996, a jury found Torres-Montalvo guilty of one count of conspiracy to kidnap, 18 U.S.C. §1201(c), two counts of kidnapping (one count for each victim), 18 U.S.C. § 1201(a)(1), and one count of conspiracy to distribute cocaine, 21 U.S.C. § 846. He was sentenced to life imprisonment.  We affirmed.  See United States v. Palma-Ruedas, 121 F.3d 841, 859 (3d Cir. 1997).

In 2013, Torres-Montalvo filed in the District Court a motion under § 3682(c)(2), seeking to reduce his sentence through the retroactive application of Amendment 591 of the Sentencing Guidelines.  See U.S.S.G. § 1B1.10(c) (providing that Amendment 591 is retroactive).  The District Court denied the motion, holding that Amendment 591 offered no relief because the sentencing court "selected the appropriate offense guideline[.]" Torres-Montalvo appealed.[1]  The Government has moved for summary affirmance.

Section 3582(c)(2) authorizes a district court to reduce a term of imprisonment in the case of a defendant who has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  See § 3582(c)(2).  A

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Where the denial of relief under § 3582(c)(2) involves a legal question concerning eligibility, we review the District Court's decision de novo.  See United States v. Sanchez, 562 F.3d 275, 277 (3d Cir. 2009).  "By contrast, when the district court determines that a defendant is eligible for relief but declines to reduce his sentence, our review is for an abuse of discretion." United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012) (citing Sanchez, 562 F.3d at 277 n.4).

sentence may be reduced under § 3582(c)(2) only when "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.; United States v. McBride, 283 F.3d 612, 614 (3d Cir. 2002). The applicable policy statement provides that a sentence reduction is not authorized if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B).

A sentencing court is required to "follow [a sequence of steps] to arrive at the correct guideline range." United States v. Boney, – F.3d – 2014 WL 4494861, at *5 (3d Cir. Sept. 15, 2014); see also United States v. Johnson, 155 F.3d 682, 684-85 (3d Cir. 1998) (describing each step). At the first step, a sentencing court refers to the Statutory Index of the Guidelines Manual in choosing the offense guideline in Chapter Two that is applicable to the offense of conviction. U.S.S.G. §§ 1B1.1(a); 1B1.2(a). Prior to Amendment 591, a sentencing court proceeding under the first step was authorized to use the Statutory Index as an "aid in finding the most applicable guideline among several possibilities." United States v. Diaz, 245 F.3d 294, 302 (3d Cir. 2001). The sentencing court could select an offense guideline based on the defendant's actual conduct, even if that conduct did not result in conviction. See United States v. Smith, 186 F.3d 290, 297 (3d Cir. 1999). Amendment 591 modified the Guidelines to require a sentencing court to apply the offense guideline referenced in the Statutory Index that corresponds to the statute under which the defendant was convicted. See Diaz, 245 F.3d at 302 (3d Cir.

3

2001) (noting that the "amendment reflects a change from the permissive to the mandatory."); see also Boney, 2014 WL 4494861, at *5 n.6 ("Amendment 591 modified the Sentencing Guidelines to clarify that the sentencing court *must* use the applicable guideline provided in the Statutory Index (Appendix A) for the offense of conviction.").

In this case, at step one, the sentencing court referred to U.S.S.G. § 2A4.1, the applicable offense guideline for Torres-Montalvo's kidnapping conviction under 18 U.S.C. § 1201(a)(1).[2]  Because this is the procedure now mandated by Amendment 591, that Amendment did not have the effect of lowering Torres-Montalvo's applicable sentencing range.  § 1B1.10(a)(2)(B).  Therefore, Torres-Montalvo is not entitled to a reduction in his sentence under § 3582(c)(2).  To the extent that Torres-Montalvo challenges the sentencing court's subsequent assessment of the base offense level, specific offense characteristics, and adjustments, relief is not available.  See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (holding that Amendment 591 applies only to the selection of the relevant offense guideline); United States v. Rivera, 293 F.3d 584, 586 (2d Cir. 2002) (stating that the "plain wording of Amendment 591 applies *only*

_____

[2] The sentencing court separated Torres-Montalvo's convictions into two groups.  See U.S.S.G. § 3D1.1(a).  The first group consisted of conspiracy to kidnap, kidnapping of one victim, and conspiracy to distribute cocaine.  The second group included conspiracy to kidnap, kidnapping of the other victim, and conspiracy to distribute cocaine.  The sentencing court applied § 2A4.1 to both groups because kidnapping carried the highest total offense level.  See U.S.S.G. § 3D1.3(a); see also United States v. Salgado, 745 F.3d 1135, 1137 (11th Cir. 2014) (noting that U.S.S.G. 3D1.3(a) required an assessment of "which of the three grouped convictions would yield the highest adjusted offense level by calculating Salgado's offense level under the guideline for each offense.").

to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level.").

Because the District Court did not err in denying Torres-Montalvo's § 3582(c)(2) motion, we conclude that his appeal presents us with no substantial question. Accordingly, we grant the Government's motion and will summarily affirm the judgment of the District Court. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6.