**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2881
_____

UNITED STATES OF AMERICA

v.

OMAR TORRES-MONTALVO,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 2-95-cr-00070-001)
District Judge: Honorable Jose L. Linares
_____

Submitted Under Third Circuit LAR 34.1(a)
March 17, 2016
_____

Before: CHAGARES, RESTREPO and VAN ANTWERPEN, *Circuit Judges*.

(Filed: March 17, 2016)
_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*.

        Omar Torres-Montalvo appeals the District Court's order granting a sentencing

reduction pursuant to 18 U.S.C. § 3582(c)(2).  Following a retroactive amendment to the

_____

        [*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

United States Sentencing Guidelines, the District Court reduced Torres-Montalvo's sentence from life imprisonment to 600 months' imprisonment. Torres-Montalvo challenges the extent of the reduction. We will affirm.

**I**

In 1995, a jury convicted Torres-Montalvo of conspiracy to kidnap, 18 U.S.C. § 1201(c); two counts of kidnapping, 18 U.S.C. § 1201(a)(1); and conspiracy to distribute thirty kilograms of cocaine, in violation of 21 U.S.C. § 846. The District Court sentenced him to life imprisonment. We affirmed on direct appeal. *United States v. Palma-Ruedas*, 121 F.3d 841 (3d Cir. 1997). We later affirmed the denial of a sentencing reduction motion. *United States v. Torres-Montalvo*, 580 F. App'x 54 (3d Cir. 2014).

In 2015, Torres-Montalvo filed in the District Court the instant motion for sentencing reduction under 18 U.S.C. § 3582(c)(2), pursuant to Amendment 782 of the Sentencing Guidelines. Amendment 782 reduced by two the offense levels in Section 2D1.1 for drug quantities that trigger a mandatory minimum sentence. U.S.S.G. Supp. App. C, Amend. 782. Amendment 782 is retroactive, subject to the limitations of Section 1B1.10, the policy statement on retroactive guideline amendments. U.S.S.G. Supp. App. C, Amend. 788; U.S.S.G. § 1B1.10.

Under Amendment 782, Torres-Montalvo's guideline range was reduced. His original guideline range was life imprisonment, based upon a total offense level of 44 (capped at 43) and a criminal history category of II. *See* U.S.S.G. Ch. 5, Pt. A, cmt. n.2 (1995). Under Amendment 782, his amended guideline range is 360 months to life, based upon a total offense level of 42 and a criminal history category of II.

2

The District Court granted Torres-Montalvo's motion for sentencing reduction under Amendment 782, and resentenced him to 600 months' incarceration. This reduction was effective November 1, 2015, the effective date of Amendment 782. *See* U.S.S.G. §§ 1B1.10(e)(1), 1B1.10, cmt. n.6. Torres-Montalvo appealed, challenging the extent of the reduction.

## II

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We *sua sponte* address the issue of jurisdiction in further detail, in light of the procedural history of the instant case. *See, e.g., Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110, 112 (3d Cir. 1987). We note that the District Court reduced Torres-Montalvo's sentence by issuing not one, but two orders. The first order, entered July 29, 2015, reduced Torres-Montalvo's sentence to 600 months' imprisonment, but was silent as to the four counts of conviction. Torres-Montalvo then filed a timely notice of appeal on August 4, 2015. On August 20, 2015, the District Court entered a superseding order, which clarified that the sentence of 600 months' imprisonment is to be served concurrently on each of the four counts.

The imposition of concurrent sentences in the superseding order is consistent with Torres-Montalvo's original 1996 sentence, which was life imprisonment, to be served concurrently on each of the four counts. Torres-Montalvo does not object to the issuance of a superseding order.

3

We hold that under these circumstances, appellate jurisdiction over the superseding order is proper. Torres-Montalvo's timely filed notice of appeal from the July 29, 2015 order perfected his appeal. He was "not required to file a second notice of appeal" from the superseding order. *Gillis v. Hoechst Celanese Corp.*, 4 F.3d 1137, 1139 n.1 (3d Cir. 1993). This is so because the July 29, 2015 order was a final judgment. The superseding order corrected a clerical mistake in the judgment, as authorized by Rule 36 of the Federal Rules of Criminal Procedure. *See United States v. Bennett*, 423 F.3d 271, 277-78 (3d Cir. 2005). "'[A] motion to correct a clerical mistake does not affect the finality of the original judgment nor does it toll the time limits within which an appeal must be taken.' (citations omitted)[.]" *Gillis*, 4 F.3d at 1139 n.1 (alteration in original) (quoting *Barris v. Bob's Drag Chutes & Safety Equip., Inc.*, 717 F.2d 52, 55 (3d Cir. 1983)).

### III

We now turn to the merits of Torres-Montalvo's claim. Section 3582(c)(2) permits a district court to reduce the term of imprisonment of a defendant who was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010). If these two requirements are met, a district court has discretion whether to grant a sentencing reduction. *United States v. Fleming*, 723 F.3d 407, 410 (3d Cir. 2013).

4

In the instant case, the District Court granted Torres-Montalvo's motion, and so, the dispute concerns only the extent of the reduction. A district court determines the extent of a sentencing reduction after consideration of both the applicable Section 3553(a) factors, and public safety. U.S.S.G. § 1B1.10, cmt. n.1(B)(i)-(ii) (citing 18 U.S.C. § 3553(a)). A district court may also consider a defendant's post-sentencing conduct. U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

We review the decision to grant a sentencing reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Styer*, 573 F.3d 151, 153 (3d Cir. 2009). Our standard of review is "deferential." *Id.* at 155. "As the district court is in the best position to determine the appropriate sentence, we may not reverse simply because we would have imposed a different sentence." *Id.* (citation omitted).

In the instant case, the District Court reduced Torres-Montalvo's sentence of life imprisonment to 600 months' imprisonment. Torres-Montalvo, however, had requested a new sentence of 360 months, the bottom of the amended guideline range. Torres-Montalvo contends that the District Court's sentence of 600 months is substantively unreasonable.

We find no abuse of discretion. In a written opinion, the District Court carefully applied the policy directive, U.S.S.G. § 1B1.10, to the instant case. The District Court considered Torres-Montalvo's rehabilitation in prison, along with the Government's argument that he still poses a risk to public safety. The District Court considered that this case involved "deplorable crimes," a large-scale drug conspiracy that resulted in violence. App. 16; *see also Palma-Ruedas*, 121 F.3d at 845-46. Torres-Montalvo and

5

his co-conspirators kidnapped an associate in the illegal drug trade, held the victim captive, threatened to kill him and his family, and held a gun to his head. *Palma-Ruedas*, 121 F.3d at 846. Torres-Montalvo also kidnapped and held hostage that victim's family. *Id.* The District Court further considered the fact that Torres-Montalvo has a history of concealing his identity. As to Torres-Montalvo's post-sentence conduct, the District Court found that while he "has been relatively well-behaved during his 20 years in prison," he does have a disciplinary record, including a fairly recent infraction for fighting. App. 14. "This weighing and consideration of multiple factors, expressly left to a court's discretion, is exactly the type of 'reasoned appraisal' to which we defer on review." *Styer*, 573 F.3d at 155 (quoting *Kimbrough v. United States*, 552 U.S. 85, 111 (2007)).[1]

## IV

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[1] Torres-Montalvo also asserts that the reduced sentence of 600 months is a *de facto* life sentence. "There is a worthy tradition that death in prison is not to be ordered lightly, and the probability that a convict will not live out his sentence should certainly give pause to a sentencing court." *United States v. Wurzinger*, 467 F.3d 649, 652 (7th Cir. 2006). However, as Torres-Montalvo concedes, a *de facto* life sentence is not *per se* unreasonable. We agree. "The fact that [a defendant] may die in prison does not mean that his sentence is unreasonable." *United States v. Ward*, 732 F.3d 175, 186 (3d Cir. 2013). Under the facts of the instant case, the District Court was not unreasonable in imposing a within-Guideline sentence of 600 months.