**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1092
_____

UNITED STATES OF AMERICA

v.

RUBEN RODRIGUEZ,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:09-cr-00695-001)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 25, 2023

Before: KRAUSE, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: June 9, 2023)
_____

OPINION*
_____

**PER CURIAM**

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ruben Rodriguez, a federal inmate proceeding pro se, appeals from the District Court's denial of his motion for compassionate release. The Government has timely filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm.

In 2011, Rodriguez pleaded guilty to one count of attempted possession with intent to distribute more than 500 grams of cocaine. He was sentenced to 262 months' imprisonment.[1] We affirmed on direct appeal. United States v. Rodriguez, 485 F. App'x 548, 549 (3d Cir. 2012).

In 2021, Rodriguez sought a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 67. He argued that compassionate release was warranted because his health conditions made him susceptible to complications from COVID-19. Id. at 2-10. He also contended that, in light of United States v. Nasir, 982 F.3d 144 (3d Cir. 2020), and the First Step Act of 2018, he was entitled to release. Dkt. No. 67 at 22-25. The District Court denied the motion, and Rodriguez filed this appeal.[2] Dkt. Nos. 73 & 74. The Government filed a motion for summary affirmance and requested leave to file the motion out of time. C.A. Dkt. No. 15 at 8 n.4. However, the Government filed the

---

[1] He is currently scheduled to be released in November 2028.

[2] Although Rodriguez filed his notice of appeal outside of the period provided by Federal Rule of Appellate Procedure 4(b)(1)(A), see United States v. Payton, 979 F.3d 388, 389-90 (6th Cir. 2020) (per curiam), we will not dismiss the appeal based on untimeliness because the Government does not object to it, C.A. Dkt. No. 15 at 8 n.4; see United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012) (explaining that Rule 4(b)'s timeliness requirement is "rigid but not jurisdictional, and may be waived if not invoked by the government").

motion before Rodriguez's brief was due, as required by Local Appellate Rule 27.4(b), so leave is unnecessary.

We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the District Court's denial of Rodriguez's motion for compassionate release and will not disturb the decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may take summary action if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A district court "may reduce [a federal inmate's] term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Upon review, we discern no abuse of discretion in the District Court's conclusion that Rodriguez did not present extraordinary and compelling reasons for release based on COVID-19 conditions. Rodriguez's medical records demonstrate that he contracted COVID-19 twice, experienced mild symptoms, and recovered, notwithstanding his health conditions. Dkt. No. 67 at 35, 38, 40. Despite Rodriguez's arguments that the vaccination is less effective for people with obesity, id. at 7, he did not demonstrate that his risk of contracting COVID-19 warranted compassionate release, see United States v. Andrews, 12 F.4th 255, 260-62 (3d Cir. 2021) (finding no clear error in the determination that defendant's age, rehabilitation, and general susceptibility to COVID-19 were not compelling reasons warranting compassionate release).

3

We also discern no clear error of judgment in the District Court's conclusion that Nasir and the First Step Act of 2018 do not apply to or affect Rodriguez's sentence. Rodriguez's prior substantive drug trafficking offenses supported using the career offender sentencing guideline, which was unchanged by the First Step Act. See Rodriguez, 485 F. App'x at 552-53; see also 18 U.S.C. § 4B1.1; cf. United States v. Nasir, 17 F.4th 459, 471 (3d Cir. 2021) (en banc), on remand from 142 S. Ct. 56 (2021), (holding that inchoate crimes cannot constitute prior drug offenses to trigger a career offender enhancement).

For these reasons, the appeal does not present a substantial question. We grant the Government's motion and will summarily affirm the District Court's judgment.[3]

---

[3] In the brief supporting his appeal, Rodriguez requests the appointment of cousel. C.A. Dkt. No. 13 at 3. That request is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). We grant the Government's request to be relieved of filing a brief in this matter. C.A. Dkt. No. 15 at 1.